UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SHARON LAFAYETTE,

    Plaintiff,

v.                                                                        Case No:   6:16-cv-324-Orl-18TBS

COMMISSIONER OF SOCIAL
SECURITY and SSA,

    Defendants.

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's application to proceed in district court without prepaying fees or costs, which the court construes as a motion to proceed *in forma pauperis*, filed by *pro se* litigant Sharon Lafayette (Doc. 2).   For the reasons that follow, I respectfully recommend that the district court **DEFER** ruling on Plaintiff's motion and **GRANT** her twenty-one (21) days within to amend her complaint.

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor."   28 U.S.C. § 1915(a)(1).   However, before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or ... "seeks monetary relief against a defendant who is immune from such relief."   Id. § 1915(e)(2).   If the complaint is deficient, the Court is required to dismiss the case *sua sponte*.   See id.

The United States Supreme Court has observed that "a litigant whose filing fees and court costs are assumed by the public ... lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   Neitzke v. Williams, 490 U.S. 319, 324

(1989). Still, the Supreme Court cautioned that a case should only be dismissed as frivolous if it relies on meritless legal theories or facts that are clearly baseless. See id. at 327. A complaint should not be dismissed for failure to state a claim "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Gomez v. USAA Federal Sav. Bank, 171 F.3d 794, 795 (2nd Cir. 1999) (per curiam) (citation and internal quotation marks omitted); see also Troville v. Venz, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) (per curiam). Although district courts must apply a "less stringent standard" to the pleadings submitted by a *pro se* plaintiff, even *pro se* litigants must allege the essential elements of their claims for relief. See Eidson v. Arenas, 910 F. Supp. 609, 612 (M.D. Fla. 1995) (citations omitted).

In stating a claim, the plaintiff must provide a short and plain statement of the basis of the Court's jurisdiction, the plaintiff's entitlement to relief, and a demand for relief. FED. R. CIV. P. 8(a). The plaintiff must allege the claim in a legible manner with numbered paragraphs, incorporating by reference other parts of the pleading for clarity. FED. R. CIV. P. 10. Relevant facts should be segregated to each of their respective claims. See Beckwith v. Bellsouth Telecoms, Inc., 146 F. App'x. 368, 372 (11th Cir. 2005). In social security cases, when a plaintiff appeals the denial of disability benefits, she must state the date of the onset of the disability giving rise to her claim and state the date she applied for Social Security disability benefits as well as the date those benefits were denied. Aka v. SSA Appeal Officers, Civil Action File No. 1:13-cv-2003-TWT, 2013 WL 6191062, at *1 (N.D. Ga. Nov. 25, 2013).

Plaintiff is appealing the Commissioner's denial of her application for disability benefits, but her complaint fails to state her disability onset date, date of application,

whether the request was for disability insurance benefits or supplemental security income, or what error the Commissioner committed.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **CARRY** Plaintiff's motion to proceed *in forma pauperis* and give her through **March 18, 2016** to amend her complaint. If Plaintiff has not amended her papers by the deadline, I will submit a report and recommendation to the district judge that this case be dismissed for failure to state a cause of action.

If Plaintiff is going to go forward with her case, she should consider hiring a lawyer. There are attorneys who specialize in Social Security law who accept cases on a contingency fee basis. One of these attorneys can help Plaintiff prepare and present her case. If Plaintiff does not engage counsel, she will be obliged to comply with the rules of this Court and the Federal Rules of Civil Procedure. The failure to comply with these rules could result in a judgment against her.

### Notice to Parties

A party failing to file written objections to a magistrate judge's findings or recommendations within fourteen (14) days of issuance of the Report and Recommendation, waives the right to challenge on appeal the district court's order based on unobjected-to factual findings and legal conclusions.

**RESPECTFULLY RECOMMENDED** in Orlando, Florida on February 26, 2016.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

    Counsel of Record
    *Pro se* Plaintiff